**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| **WILHY HARPO, et al.**<br><br>               **Plaintiff,**<br><br>     **v.**<br><br>**LESLIE ONNA, and All Other Occupants, and WILHY HARPO,**<br><br>               **Defendants.** | **1:16-cv-2956-WSD** |

## OPINION AND ORDER

This matter is before the Court on required frivolity review of Plaintiff

Wilhy Harpo's ("Plaintiff") Complaint [1.1] pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

## I.    BACKGROUND

This is the latest in a series of actions filed in this Court by Mr. Harpo in

which he seeks relief from a dispossessory action brought against him by

Broadstone Maple, LLC ("Broadstone") in the Magistrate Court of Fulton County,

Georgia.  The Court has remanded each previous case for lack of subject matter

jurisdiction.  See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate

Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc.

4).  Because Plaintiff is a frequent filer of frivolous lawsuits, the Court has

previously ordered him "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).  It appears Plaintiff has complied with that requirement in filing this action. (See [1.2] at 8-9 (listing 18 actions in which Mr. Harpo was a party)).

On August 12, 2016, Defendant Wilhy Harpo ("Defendant") filed his application for leave to proceed *in forma pauperis* ("IFP") [1] and his Complaint [1.1].  Defendant again seeks to challenge a dispossessory action brought by Broadstone in the Magistrate Court of Fulton County, Georgia (See Compl. at Prayer for Relief).  The Complaint also contains a number of highly troublesome threats of violence.  For instance, Plaintiff states that he "will simply kill [his] known enemies or be killed[,]" and that he "will get the respect [he] gives and deserves to receive by consent or force[.]"  (Compl. ¶¶ 112, 114).  He states that his "Complaint is designed, in part, to serve as public notice of official public abuse and Harpo's warning to the said defendant public officials."  (Id. ¶ 115).  He

further states "we will all soon see if an how much both []black and blue lives really matter." (Id. ¶ 116).

## II.   DISCUSSION

   A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

   Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

3

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

4

B.    Analysis

Plaintiff's Complaint attempts to challenge a state-court dispossessory action.  To the extent Plaintiff seeks to remove the state-court action, as explained in the Court's previous orders, the Court lacks subject matter jurisdiction over it. The Court takes judicial notice of Broadstone's complaint, which Plaintiff previously provided the Court in Broadstone Maple v. Harpo, No. 1:16-cv-1661. The complaint shows that Broadstone asserts a dispossessory claim and does not allege federal law claims.  That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal question jurisdiction.[1]  The Court would also lack

---

[1]    To the extent Defendant claims removal under 28 U.S.C. § 1443 based on the bias of state court judges, his allegations fall short of the specific language of racial equality that section 1443 demands.  See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no

5

diversity action over any attempted removal, because Broadstone's complaint, which only seeks ejectment and past due rent and fees, does not establish that the amount-in-controversy exceeds $75,000.  See Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002) (a court must look to the complaint to determine the amount-in-controversy, and a claim seeking ejectment cannot be reduced to a monetary sum for purposes of determining amount-in-controversy); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

To the extent the dispossessory action has been completed and Plaintiff seeks to have the Court find that the proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the

---

cognizable claim for a civil rights violation presented in this case . . . [because] [t]here is no reference in any pleading to 'any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'").  Jurisdiction is not proper based on 28 U.S.C. § 1443.

Rooker-Feldman doctrine to do so.  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th

Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state

court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) &

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

The Court finds Plaintiff's claims are clearly baseless, and this action is

dismissed pursuant to the required frivolity review under 28 U.S.C.

§ 1915(e)(2)(B).  Carroll, 984 F.2d at 393.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to

28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** this 3rd day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE